RECEIVED
MAR 11 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **FRANK TEDESCO** | **CIVIL ACTION NO. 1:07-cv-00819** |
| **-vs-** | **JUDGE DRELL** |
| **WAL-MART STORES, INC., et al.** | **MAGISTRATE JUDGE KIRK** |

### RULING

Currently pending before the court is a Motion for Summary Judgment (Doc. 49) filed by the defendant, Wal-Mart Louisiana, L.L.C. ("Wal-Mart"), seeking dismissal of the plaintiff's age discrimination claims.[1] For the reasons described below, the defendant's motion will be GRANTED. Disposition will follow by a separate judgment.

### I. Background

The plaintiff, Frank Tedesco ("Mr. Tedesco"), was born on July 28, 1943, making him sixty-six years old at present. In 1991, at the age of forty-seven, Mr. Tedesco was hired as an assistant manager by Sam's East, Inc. ("Sam's"), a corporate Wal-Mart subsidiary and formerly a co-defendant in this lawsuit. For the next sixteen years, Mr. Tedesco served as an assistant manager at Sam's Club Number 8181 in Alexandria, Louisiana. His employment with Sam's ended in October 2007.

On June 9, 2006, Mr. Tedesco filed a charge with the Equal Employment

---

[1] The defendant's name was initially, and erroneously, listed as Wal-Mart Stores, Inc.

Opportunity Commission ("EEOC") against Sam's, alleging that he was subjected to three acts of age discrimination, all of which violated the Age Discrimination in Employment Act of 1967 ("ADEA"). (Doc. 49-4, Exh. B). Specifically, Mr. Tedesco stated that he was denied promotions to the following positions: (1) in June 2005, Baton Rouge Club manager; (2) in October 2005, Denver Club manager; and (3) in January 2006, Lake Charles co-manager. In each instance, Mr. Tedesco claims that a younger candidate was chosen for the promotion. The EEOC issued him a "right to sue letter" on February 14, 2007, (Doc. 49-4, Exh. C), at the same time not making any findings on his behalf.

Mr. Tedesco filed his initial complaint on May 11, 2007. (Doc. 1). This initial complaint named both Wal-Mart and Sam's as defendants. However, because Mr. Tedesco failed to effect timely service to Sam's, and also failed to show good cause for this deficiency, the Clerk of Court entered an order dismissing Sam's from the case. (Doc. 10).[2] The order allowed Mr. Tedesco to reinstate the action within thirty days for good cause, but Mr. Tedesco did not attempt to do so. Therefore, Wal-Mart is the only remaining defendant in the case.

Mr. Tedesco has also had difficulties in retaining an attorney. Approximately six months after the complaint was filed, the Court granted a motion to enroll an attorney as counsel of record for the plaintiff. (Doc. 7). But, on March 11, 2008, that attorney informed the Clerk of Court by letter that he had been temporarily suspended from the practice of law by the Louisiana Supreme Court. (Doc. 15). The

---

[2] Before Sam's was dismissed, the Court had previously granted a motion to extend the time within which Mr. Tedesco would be allowed to serve the company. (Doc. 8).

Court accordingly revoked its order to enroll the suspended attorney (Doc. 17). Subsequently, the magistrate judge granted Mr. Tedesco's motion to represent himself (Doc. 16), and denied Mr. Tedesco's alternative request for appointment of counsel with strong advice to retain another attorney as soon as possible (Doc. 18). Mr. Tedesco has not done this, and is therefore proceeding *pro se*.[3]

On March 12, 2009, the defendant filed the instant motion for summary judgment. (Doc. 49). Wal-Mart's argument is three-fold: (1) Wal-Mart was not Mr. Tedesco's employer, and thus cannot be held liable for age discrimination; (2) even if Wal-Mart was Mr. Tedesco's employer, he did not exhaust his administrative remedies against Wal-Mart; and (3) even if the case reached the merits, Mr. Tedesco's claims must fail, because he has offered no evidence to support his claims of age discrimination beyond mere speculation. Because we find the defendant's first argument sufficient to warrant summary judgment, we will not address the latter two arguments in any detail.

## II.   Law and Analysis

### A.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

---

[3] We note Mr. Tedesco's concerns that his inexperience in legal matters will prejudice him in this case. To the extent appropriate, the judicial system has long attempted to ensure a fair opportunity to litigants exercising the right to represent themselves. As such, in accordance with settled precedent, Mr. Tedesco's filings will be held to a less exacting standard than the filings of a licensed attorney, and the arguments within those filings will be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Windland v. Quarterman, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that we construe *pro se* briefs liberally").

>the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

In conducting this analysis, the Court must construe "all of the evidence and all of the factual inferences from the evidence . . . in a light most favorable to the party opposing the motion." King Realty Co., Inc. v. Chevron USA, Inc., 575 F.3d 510, 517 (5th Cir. 2009). Any doubts are likewise resolved in favor of the nonmoving party. U.S. ex rel. Longhi v. United States, 575 F.3d 458, 465 (5th Cir. 2009). Once the movant has directed the Court's attention to portions of the record which reflect an absence of a genuine issue of material fact, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists. United States v. $ 92,203.00 in U.S. Currency, 537 F.3d 504, 506-07 (5th Cir. 2008). "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).

### B. Mr. Tedesco's "Employer"

Counsel for the defendant first argues that Wal-Mart was not Mr. Tedesco's employer. In his initial complaint, Mr. Tedesco states that he was "employed with Wal-Mart Stores, Inc. and/or Sam's East, Inc." (Doc. 1, p. 2). However, in the EEOC charge, Mr. Tedesco listed his employer as "Sam's Club." (Doc. 1-1, p. 1). As Wal-

Mart concedes, Sam's Club is a subsidiary of Wal-Mart. Beyond this, the Court has absolutely no evidence before it which may clarify the business relationship between Wal-Mart and Sam's, or whether any employment decisions impacting Mr. Tedesco involved the Wal-Mart management structure.[4] Considering these facts, and perhaps more importantly, these factual deficiencies, we must grant summary judgment to the defendants on this ground.

Broadly, the ADEA prohibits an "employer" from discriminating against an individual on the basis of the individual's age. See 29 U.S.C. § 623(a)(1). "Determining whether a defendant is an 'employer' under Title VII or the ADEA involves a two-step process: (1) the defendant must fall within the statutory definition; and (2) there must be an employment relationship between the plaintiff and the defendant." Torres v. Liberto Mfg. Co., Inc., 67 F. App'x 252, 252 (5th Cir. 2003) (citing Deal v. State Farm County Mut. Ins. Co. of Tex., 5 F.3d 117, 118 n. 2 (5th Cir. 1993)).

First, Wal-Mart clearly satisfies the statutory requirements. The term "employer" is defined by the ADEA, in relevant part, as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . . [and] any agent of such a person." 29 U.S.C. § 630(b). Neither party has

---

[4] In Wal-Mart's corporate disclosure statement, the defendant informed the Court that "proper defendant in this matter is Wal-Mart Louisiana, L.L.C., a Deleware limited liability company, with its principal place of business in Arkansas." (Doc. 12). No mention is made of Sam's or the parent-subsidiary relationship between the two entities.

contended, at any point, that Wal-Mart's operations do not fall within the parameters of this definition.

However, Mr. Tedesco has not established that an "employment relationship" existed between himself and Wal-Mart. As we noted above, Mr. Tedesco averred in his complaint that he was employed by Wal-Mart "and/or" Sam's. (Doc. 1, p. 2). Yet Mr. Tedesco has given the Court no reason to equate the two entities. This statement in the complaint is, rather, just the type of conclusory allegation which cannot justify a denial of summary judgment. See Eason, 73 F.3d at 1325.

To the contrary, it is established by the motion that Mr. Tedesco was clearly *not* employed by Wal-Mart. Again, his EEOC charge was filed against Sam's only, and not against Wal-Mart. Throughout his deposition, Mr. Tedesco repeatedly refers to himself as an employee of Sam's. Moreover, in arguing that a former Wal-Mart manager who was promoted at the Lake Charles Club was not more qualified, Mr. Tedesco even acknowledged that "Wal-Mart and Sam's are two different operations." (Doc. 49-4, p. 91). There is no contrary evidence before the Court which would tend to show that Wal-Mart is the proper defendant in this litigation.

From an unbiased observer's perspective, if Mr. Tedesco had successfully retained an attorney, *perhaps* these issues could have been averted. We note that, under the circumstances of this case, there are theories of potential recovery which may have been briefed in an effort to impose liability upon Wal-Mart. Specifically, when a subsidiary or related entity is involved, courts in our circuit apply the "single

employer" test, which provides as follows:

> [S]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983). The second factor in this test is the most important one, making the central question to be determined by courts: "'What entity made the final decisions regarding employment matters related to the person claiming discrimination?'" Vance v. Union Planters Corp., 279 F.3d 295, 297 (5th Cir. 2002) (quoting Trevino, 701 F.2d at 404); accord Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007).

The Fifth Circuit has recognized that determining whether two distinct entities form a "single employer" involves a highly "fact intensive" inquiry. See Vance, 279 F.3d at 297. In this case, however, the record does not contain a scintilla of evidence which elucidates whether the "single employer" theory may apply to the relationship between Wal-Mart and Sam's. Neither party made any mention of the theory whatsoever. While we interpreted Mr. Tedesco's briefs and writings liberally, as the Court, we are prohibited from supplying new legal arguments on his behalf. Longoria v. Dretke, 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe *pro se* briefs, such litigants must still brief contentions in order to preserve them. This court 'will not raise and discuss legal issues that [the *pro se* plaintiff] has failed to assert.'") (quoting Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744,

7

748 (5th Cir. 1987) (internal citation omitted).

On January 17, 2008, Mr. Tedesco's actual employer, Sam's, was dismissed from this lawsuit for failure to timely serve the company. (Doc. 10). At that time, Mr. Tedesco was represented by counsel. Why this glaring deficiency was not addressed by his attorney remains a complete mystery to the Court. We granted additional time within which it could have been established in the record. Nevertheless, the simple, though unfortunate, facts are that Sam's is a separate corporate entity from Wal-Mart, and as the record stands, no employment relationship existed between Mr. Tedesco and Wal-Mart. In the absence of countervailing facts or legal arguments, it would be not only inappropriate, but also contrary to law, for us to compel Wal-Mart to remain a defendant in this case. Because no such facts or arguments have been presented, the Court is constrained to rule that the defendants' motion for summary judgment will be GRANTED.

### C. Other Issues

In light of this ruling, and for purposes of clarification, we expressly decline to address the two other arguments in support of the motion for summary judgment. In particular, we do not decide the issues related to the exhaustion of administrative remedies against Wal-Mart, nor the merits of Mr. Tedesco's complaint. However, we note that, considering our full review of the record and evidence presented, these questions would loom large if our decision did not necessarily rest upon the issue addressed above.

### III.  Conclusion

For the foregoing reasons, the defendant's Motion for Summary Judgment (Doc. 49) will be GRANTED.

SIGNED on this 10<sup>TC</sup> day of March, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE